UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Douglas Adacia, aka Adacia Douglas,** ) | **CASE NO. 1:25 CV 1326** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cuyahoga County Sheriff Dept,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff Douglas Adacia[1] filed this Complaint asserting claims for use of excessive force, kidnaping, and retaliation against the Cuyahoga County Sheriff Department, the City of Cleveland, Cuyahoga County, Cuyahoga County Sheriff White, Cleveland Mayor Justin Bibb, Cleveland Police Chief Dorothy Todd, and "Several unknown Police Officer[s]." (Doc. No. 1 at PageID #: 2,3).

This case is the second of ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cty Sheriff*, No. 1:25 CV 01312 (N.D. Ohio filed June 24, 2025)(Barker, J.); *Adacia v. Cuyahoga Cty Sheriff Dept.*, 1:25 CV 1326 (N.D. Ohio filed June 25, 2025)(Gaughan, J.); *Adacia v. Bishop William A. Cosgrove*

---

[1] Plaintiff identifies himself as Douglas Adacia in the case caption but signs his name at the end of the Complaint as Adacia Douglas. (Doc. No. 1 at PageID #: 1, 12).

*Center*, No. 1:25 CV 1336 (N.D. Ohio filed June 26, 2025)(Barker, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1388 (N.D. Ohio filed July 1, 2025)(Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1393 (N.D. Ohio filed July 2, 2025)(Brennen, J.); *Adacia v. Bibb*, No. 1:25 CV 1405 (N.D. Ohio filed July 3, 2025)(Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1442 (N.D. Ohio filed July 9, 2025)(Brennen, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1469 (N.D. Ohio filed July 14, 2025)(Polster, J.); *Adacia v. Bibb*, No. 1:25 CV 1484 (N.D. Ohio filed July 15, 2025)(Fleming, J.); *Adacia v. Focus Cleveland,* No. 1:25 CV 1516 (N.D. Ohio filed July 21, 2025). Plaintiff identifies himself as an independent journalist and a civil rights activist. He frequently visits City of Cleveland and Cuyahoga County offices and requests the production of public records. It is not clear what type of records he is seeking or the manner in which he issues his requests. However, both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no trespass orders barring him from City and County public buildings. The Complaints allege that the Mayor of Cleveland, the Cleveland Chief of Police, and the Cuyahoga County Sheriff's Department formed a street gang and recruited law enforcement officers and civilians to target him for violence.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**BACKGROUND**

In this Complaint, Plaintiff alleges that Mayor Bibb and Police Chief Dorothy Todd conspire to criminally attack him and "use all there [sic] powers and influence in government to protect each gang member from legal consequences, arrest, prosecution, etc. for any criminal act

done to me." (Doc. No. 1 at PageID #: 5). He contends they harass him and "trespass him" from all government buildings. (Doc. No. 1 at PageID #: 5). He contends that the City of Cleveland is spying on him, stalking him, and ordering citizens to assault and harass him in anyway they can. (Doc. No. 1 at PageID #: 7). He states that Mayor Bibb and Police Chief Dorothy Todd recruit gang members to rob him and threaten him and his family. (Doc. No. 1 at PageID #: 7). He states that in exchange for their actions toward him, Bibb and Todd promise to cover up their crimes and offer them rewards.

Plaintiff alleges that he went into the welfare office on January 11, 2023, to apply for public assistance. He contends he was accosted by a male sheriff's deputy who threatened him. He indicates that the Cleveland Police "put a reward bounty out for [him]." He states that police wanted to rob him of his cellular telephone because he had recorded incriminating videos of them which he intended to use in court. (Doc. No. 1 at PageID #: 8). He claims the deputy told him that he knew who Plaintiff was and knew about his complaints against law enforcement. Plaintiff alleges the deputy told him that he would "take care of [him]." (Doc. No. 1 at Page 9).

Plaintiff then changes the narrative from being in the welfare office to being in a privately owned store. He contends the store owner asked the police officer to leave because the officer was behaving in a threatening manner toward Plaintiff. Plaintiff states that when he left the store, he was confronted by the officer who waited for him outside. He contends that the officer pushed him to the ground and tried to rob him of his cellular telephone and his wallet. Plaintiff claims he hit his head on the concrete and suffered a concussion. He states that other Cleveland Police Officers arrived on the scene but refused to arrest the first officer, saying

Plaintiff was the one they had come to arrest. Plaintiff indicates he filed a complaint with internal affairs but it did not investigate the allegations. He says that the Sheriff's Department did not do a thorough job of investigating a deputy that assaulted and menaced him. (Doc. No. 1 at PageID #: 10). He contends that the Sheriff's Department ordered gang members to intimidate him and threaten to harm him and his family.

Plaintiff lists claims for excessive force, kidnaping, and retaliation. He asserts that the City of Cleveland and Cuyahoga County are liable because they violated his rights by "policies, practices, customs, and/or actions of final policy decision makers for these Defendants and is a person under 1983 U.S.C. 42." (Doc. No. 1 at Page ID #: 11). He simply states that "Mayor Bibb is subject to suit under 42 U.S.C. 1983." (Doc. No. 1 at Page #: 11). He makes this same statement with regard to Dorothy Todd, Sheriff White, and "unknown Cleveland Police." (Doc. No. 1 at Page #: 11).

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint.*"* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a complaint, the court generally must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The court, however, is given discretion to refuse to accept without question the truth of plaintiff's allegations when they are fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**DISCUSSION**

As an initial matter, Plaintiff lists claims for excessive force, kidnaping, and retaliation. However, he does not connect these claims to any particular defendant. Plaintiff's attempt to bring these claims against a vague number of unidentified Cleveland Police Officers is insufficient to impose liability on any particular officer. Plaintiff cannot establish the liability of any individual defendant absent a clear showing that the particular defendant was personally

involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Moreover, Plaintiff fails to state a claim against the City of Cleveland and Cuyahoga County. His only allegation against these municipalities is that they are liable to him for violation of his rights because the violations were caused by policies, customs and practices of final policymakers. To demonstrate that the City or County's policies or customs caused constitutional harm, the Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the City or County), and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted). The only policy that Plaintiff mentions is the alleged policy of Mayor Bibb and Dorothy Todd to form a street gang of law enforcement officers and civilians to threaten and harm Plaintiff and his family. This claim fails for two reasons. First, the claim itself is wholly incredible and delusional. It lacks an arguable basis in fact. Second, even if the Court accepted these irrational statements as true, Plaintiff connects them only to Bibb and Todd. He does not connect the statements to the City of Cleveland which operates through a City Council and Cuyahoga County which operates through a County Executive and County Commissioners. These claims also fail as a matter of law.

Finally, Plaintiff's statements that Mayor Bibb, Police Chief Dorothy Todd, and Sheriff White are "subject to suit under 42 U.S.C. 1983" do not state a claim upon which relief may be

granted. The only allegations pertaining to these defendants are delusional. There are no other allegations in the Complaint which could plausibly state a claim for relief against them.

### CONCLUSION

Accordingly, Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 7/30/25

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court